IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>WESTERN DIVISION</u>

| | |
|---|---|
| **TRACEY DION TAYLOR**, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>)<br>)<br>**UNITED STATES OF AMERICA**, )<br>)<br>Respondent ) | No.: 6:19-cv-8036-LSC<br>(6:17-cr-433-LSC-JHE) |

**MEMORANDUM OF OPINION**

## I.   <u>Introduction</u>

Pursuant to 28 U.S.C. § 2255, Tracey Dion Taylor ("Taylor" or "Petitioner"), has filed with the Clerk of this Court, a motion to vacate, set aside, or correct his sentence of 30 months.[1] (Doc. 1.) For the reasons set forth below, Taylor's motion should be denied, and this action dismissed without an evidentiary hearing.

---

[1] Taylor originally filed his motion with the Middle District of Alabama as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The substance of his claim, however, attacks the validity of his conviction and sentence, and the Middle District, pursuant to the authority of *United States v. Jordan*, 915 F.2d 622, 624-25, (11th Cir. 1990), converted the claim to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and transferred the case to the Northern District of Alabama, where he entered a plea of guilty and was sentenced.

1

II. <u>Background</u>

### A. Trial and Sentencing

Petitioner, Tracey Dion Taylor, was charged as the only defendant in a one count indictment filed in the United States District Court for the Northern District of Alabama on September 27, 2017. (Cr. Doc. 1-1.)[2] Taylor was charged with one count: possession of unregistered firearms – namely, a silencer and a machine gun – in violation of 26 U.S.C. § 5861(d). Taylor entered a guilty plea on October 31, 2018. (Cr. Doc 21.)

On March 1, 2019, this Court entered judgment and sentenced Taylor to a total term of 30 months in prison. (Cr. Doc. 25.) He did not appeal.

### B. Petition for Writ of Habeas Corpus

On July 10, 2019, while incarcerated at Maxwell Federal Prison Camp in Montgomery, Taylor filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(a) in the United States District Court for the Middle District of Alabama. (Doc. 1; Doc. 2.) In his petition, Taylor challenged the legality of his conviction and sentence, and made three overarching claims: (1) the United States District Court for the Northern District of Alabama lacked jurisdiction to adjudicate

---

[2] "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, No. 6:17-cr-00433-LSC-JHE-1.

his charge of possessing an unregistered firearm; (2) his indictment was void because it was presented to a grand jury without a formal complaint; and (3) the Government failed to allege or prove any injury in fact to the United States government by way of federally prohibited conduct. (Doc. 1)

### C. 28 U.S.C. § 2255 Proceedings

The Middle District of Alabama responded to Taylor's petition by issuing two Orders in July 2019. Between the two Orders, the Middle District, pursuant to the authority of *United States v. Jordan*, 915 F.2d 622, 624-25, (11th Cir. 1990), recharacterized Taylor's habeas corpus petition as a request to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 2; Doc. 4.) The Supreme Court has held that a district court may recharacterize a *pro se* litigant's motion as a first § 2255 motion if it (1) informs the litigant of its intent to do so; (2) warns the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on second or successive motions; and (3) provides the litigant the opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. *Castro v. United States*, 540 U.S. 375, 376 (2003). The Middle District of Alabama complied with all of these requirements in its Orders issued on July 18, 2019, and July 31, 2019, and directed Taylor to advise the court of whether he intended to proceed with his stated claims under § 2255, amend the

claims, or withdraw them by August 9, 2019. (Doc. 2; Doc. 4.) Taylor did not comply with this directive and instead filed an objection to the recharacterization and a motion for declaratory judgment (Doc. 3; Doc. 6), both of which the Middle District of Alabama rejected (Doc. 7; Doc. 10). The Middle District transferred the case to the Northern District of Alabama on September 20, 2019. (Doc 10.)

### III. Timeliness and Non-Successiveness of the § 2255 Motion

A petitioner challenging their sentence under 28 U.S.C. § 2255 is subject to a "1-year period of limitation" which "shall run from the latest of" four possible starting points. 28 U.S.C. § 2255(f). Three of these options are plainly inapplicable in this case: there was no government action preventing Taylor's motion, *Id.* at § 2255(f)(2), the Supreme Court is not involved, *Id.* at § 2255(f)(3), and Taylor knew and affirmed the facts of the case before his sentencing, *Id.* at § 2255(f)(4). The only remaining option is the most likely to have prevented Taylor's petition, but it is also inapplicable because he did indeed file his petition within a year of "the date on which the judgment of conviction [became] final." *Id.* at § 2255(f)(1). The Northern District of Alabama entered judgment against Taylor on March 1, 2019. (Cr. Doc. 25.) He did not appeal, and his conviction therefore became final at "the conclusion of direct review or the expiration of the time for seeking such review." *Kaufman v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002) (quoting *Baskin v. United States*,

998 F. Supp. 188, 189 (D. Conn. 1998)). Taylor filed his petition for a writ of habeas corpus under 28 U.S.C. § 2242 in the Middle District of Alabama on July 10, 2019. (Doc. 1.) In its Order of July 31, 2019, the Middle District ordered Taylor to alert the court of his desire to (1) proceed under § 2255, (2) amend the claim, or (3) withdraw the claim. (Doc. 4.) In this Order, the Court cautioned Taylor that if he did not file such a response before August 9, 2019, the "cause shall proceed as an action under 28 U.S.C. § 2255." (Doc. 4.) Taylor did not comply with this Order, and the conversion to a § 2255 claim therefore became effective on the expiration of the allotted time. The Middle District of Alabama adopted this course of action on September 20, 2019, in the same order in which it transferred the case to the Northern District of Alabama. (Doc. 10.) Because September 20, 2019, is within a year of when his conviction became final on March 1, 2019, the 28 U.S.C § 2255 petition is properly filed in a timely manner and not subject to the one-year bar. 28 U.S.C § 2255(f)(1).

Furthermore, this is Taylor's first 28 U.S.C. § 2255 motion, so it is not "second or successive" within the meaning of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See *id.* at §§ 2255(h), 2244(b)(3)(A).

## IV. Standard of Review

The Supreme Court has "used the term 'collateral' to describe proceedings under 28 U.S.C. § 2255." *Wall v. Kholi*, 562 U.S. 545, 552 (2011). Collateral review "means a form of review that is *not* part of the direct appeal process." *Id.* (emphasis added) A direct appeal is "a proceeding undertaken to have a decision reconsidered by a *higher* authority," Black's Law Dictionary (11th ed. 2011) (emphasis added), and this court is not a higher authority than the Middle District of Alabama. 28 U.S.C. § 81. Because "collateral review is not a substitute for direct appeal," *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004), the grounds for collateral attack on a final judgment pursuant to 28 U.S.C. § 2255 are limited: a petitioner is entitled to relief under 28 U.S.C. § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn*, 365 F.3d at 1232 (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)).

In litigation stemming from a § 2255 motion, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the [movant's] allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979)). However, a court may appropriately conduct an evidentiary hearing if, "accept[ing] all of the [movant's] alleged facts as true," the movant has "allege[d] facts which, if proven, would entitle him to relief." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (quoting *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987) and *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).

### V.     Discussion

Taylor asserts three grounds for relief under 28 U.S.C § 2255: (1) his indictment was void because it was presented to a grand jury without a formal complaint; (2) the Government failed to allege or prove any injury in fact to the United States government by way of federally prohibited conduct; and (3) the United States District Court for the Northern District of Alabama lacked authority to adjudicate his charge of possessing an unregistered firearm. These three claims are without merit and are therefore due to be dismissed without an evidentiary hearing.

### A. Taylor's claims that his indictment is invalid are procedurally barred

In his first two claims, Taylor asserts that the indictment against him was insufficient because it was presented to a grand jury without a formal complaint having been filed and because the Government failed to allege or prove an injury against the United States. (Doc. 1.) For the reasons set forth below, these claims are due to be denied.

Petitioners are required to raise certain objections to an indictment *before* trial: "The following … objections … *must be raised by pretrial motion* if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits: … an error in the grand jury proceedings … [and/or] … failure to state an offense." FED. R. CRIM. P. 12(b)(3)(A)(v); (B)(v) (emphasis added). The default position is that a "challenge to a conviction or sentence … not made on direct appeal … will be procedurally barred in a 28 U.S.C. § 2255 challenge." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004) (citation omitted). Such challenges are "untimely … even when [they] are on constitutional grounds." *Davis v. United States*, 411 U.S. 233, 238 (1973).

This procedural rule automatically bars Taylor's challenges to his indictment because he did not raise them until July 10, 2019, four months after his sentencing

and more than eight months after entering his guilty plea. (*See* Doc. 1; Cr. Doc. 21; Cr. Doc. 25.)

There are two avenues by which a petitioner may circumvent this procedural bar. First, they may overcome the default by showing *both* "cause" for the default and "actual prejudice" from the asserted error. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). A petitioner may demonstrate cause by showing that "some objective factor external to his defense" impeded his ability to raise the claim when he was required to do so. *Lynn v. United States*, 365 F.3d 1225, 1235 n.20 (11th Cir. 2004). To demonstrate prejudice, the petitioner must show that "errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (citation omitted). Second, a petitioner may sidestep the procedural bar in 28 U.S.C § 2255 by demonstrating that he is "actually innocent." *Bousley,* 523 U.S. at 622. In *Bousley*, the Supreme Court held that actual innocence "means factual innocence, not mere legal insufficiency." *Id.* at 623. However, in a case in which the petitioner has pled guilty, the plea is "valid … to the extent it is 'voluntary' and 'intelligent.'" *Id.* at 618 (quoting *Brady v. United* States, 397 U.S. 742, 748 (1970)). A plea is intelligent if the defendant "first receives 'real notice of the true nature of the charge against him.'" *Id.* (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)).

Neither of these options is available for Taylor. In his petition, he does not make any reference whatsoever to a cause for failing to raise these objections when he was required to do so or a prejudicial effect from the omission. (*See* Doc. 1.) Furthermore, for Taylor to claim actual innocence, he would have to claim that he did *not* knowingly possess an unregistered firearm, but when he entered his valid guilty plea on October 31, 2018, he admitted under oath to doing just that. (Cr. Doc. 21 at 2-3.) Taylor signed a plea agreement in which he admitted in writing that he had indeed sold a machine gun and silencer, neither of which was registered to him. (*Id.*) Taylor signed his name and initials immediately below the factual basis set forth in the plea agreement, agreeing that "the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence." (*Id.* at 3.) The plea agreement also contained an appeal waiver with limited exceptions, none of which applies here. (*Id.* at 5-6.) Taylor admitted these facts to be true, and he has offered no evidence to the contrary in his § 2255 motion. (*Id.* at 2-3; *see also* Doc. 1.) Ultimately, Taylor may not rely on either of the exceptions to the procedural bar to raising these challenges after his trial.

Even if Taylor's issues with his indictment were not barred procedurally, they are substantively flawed. Taylor relies on three civil cases to make his point: *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992),

and *Burke v. Barnes*, 479 U.S. 361 (1987), none of which have any bearing on the merits of the indictment in this criminal case.

Taylor cites *Spokeo* for its reaffirmation of the basic legal principle that "[i]njury in fact is a constitutional requirement," *Spokeo*, 578 U.S. at 339, and a "plaintiff must show that he or she suffered 'an invasion of a legally protected interest.'" *Id.* (quoting *Lujan*, 504 U.S. at 560). Taylor claims that "the prosecution failed to allege (or prove) any evidence of 'injury in fact' to the United States, by way of federally prohibited conduct(s)." (Doc. 1 at 3-4.) Taylor cites *Lujan v. Defenders of Wildlife* for the proposition that the injured party "had to submit affidavits or other evidence showing, through specific facts" in support of his or her claim. *Lujan*, 504 U.S. at 563. Finally, Taylor turns to *Burke v. Barnes* for its reminder that "the Constitution requires that there be a live case or controversy at the time that a federal court decides the case." *Burke*, 479 U.S. at 363. His argument flows through these *civil* cases thus: the United States did not allege that it had suffered any injury, it produced zero evidence to even attempt to do so, and there was therefore no case or controversy, meaning the court had no authority to adjudicate this non-issue. (*See* Doc. 1.)

Taylor has a basic misunderstanding of "the major difference" in civil and criminal suits. *Hutcheson v. United States*, 369 U.S. 599, 634 (1962) (Warren, C.J.,

dissenting). He has accurately described the standing doctrine present in a *civil* suit, but a criminal indictment is different. In the Eleventh Circuit, "an indictment is sufficient if it tracks the language of the statute and provides a statement of facts that gives notice of the offense to the accused." *United States v. McNair*, 605 F.3d 1152, 1186 (11th Cir. 2010). Taylor's indictment easily clears this bar: it charged him with "knowingly possess[ing] a 'firearm' … that was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d)." (Doc. 1-1). As required, the indictment tracked the language of 26 U.S.C. § 5861(d), which prohibits a person from "receiv[ing] or possess[ing] a firearm which is not registered to him in the National Firearms Registration and Transfer Record." 26 U.S.C. § 5861(d). The indictment was therefore valid and sufficient. The prosecution met its burden of securing a valid indictment against Taylor, and his arguments to the contrary are due to be dismissed.

### B. Taylor's claim that the United States District Court for the Northern District of Alabama lacked jurisdiction to adjudicate his claim

Taylor also claims that the "federal judicial powers [of the United States District Court for the Northern District of Alabama] under Article III are NOT AVAILABLE" (Doc. 1), i.e., that this Court lacked jurisdiction to adjudicate this case. Taylor reasons that since – as previously discussed – he believes the United

States failed to allege an injury, it lacked standing, and therefore this Court lacked jurisdiction over his case. (*See* Doc. 1.) If the court lacked subject matter jurisdiction, any judgment or sentence issuing therefrom is automatically void, but for the reasons set forth below, Taylor's claim fails.

"Subject-matter jurisdiction defines [a] court's authority to hear a given type of case." *United States v. Morton*, 467 U.S. 822, 828 (1984). Fundamentally, "[u]nder 18 U.S.C. § 3231, district courts have original jurisdiction over all offenses against the laws of the United States." *United States v. Claudio*, 499 F.App'x 865, 867 (11th Cir. 2012). As long as the indictment "charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an 'offense against the laws of the United States' and, thereby invokes the district court's subject-matter jurisdiction." *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014). Taylor's indictment specifically charged him with violating 26 U.S.C. § 5861(d), a valid federal statute enacted in the United States Code. (Cr. Doc. 1.) Such an indictment therefore satisfied the test established in *Brown*, and this Court properly exercised jurisdiction in the case. Accordingly, Taylor's claim is due to be dismissed.

## VI. Conclusion

For the foregoing reasons, Taylor's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional debatable and wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve to proceed further." *Miller-EL v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations omitted).* This Court finds that Davis' claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** AND **ORDERED** ON AUGUST 2, 2022.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
206728